Mark D. Plevin (State Bar No. 146278)
PLEVIN & TURNER LLP
580 California Street, 12th Floor
San Francisco, California 94104
Telephone: (202) 580-6640
Email: mplevin@plevinturner.com

Miranda H. Turner (*pro hac vice* forthcoming)
PLEVIN & TURNER LLP
1701 Pennsylvania Avenue, N.W., Suite 200
Washington, D.C. 20006
Telephone: (202) 580-6640
Email: mturner@plevinturner.com

Attorneys for Defendant Continental Casualty Company

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE ROMAN CATHOLIC BISHOP OF ORANGE, a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>ALLIANZ UNDERWRITERS INSURANCE COMPANY f/k/a ALLIANZ UNDERWRITERS, INC., an Illinois Corporation, and CONTINENTAL CASUALTY COMPANY, an Illinois Corporation,<br><br>Defendants. | Case No.: 2:24-cv-09612-MRA (ADSx)<br><br>Hon. Monica Ramirez Almadani<br><br>**CONTINENTAL CASUALTY COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>**Date:** March 17, 2025<br>**Time:** 1:30 p.m.<br>**Judge:** Hon. Mónica Ramírez Almadani<br>**Courtroom:** 10B<br><br>Complaint served: December 12, 2024<br>Responsive pleading due: February 11, 2025 |

Defendant Continental Casualty Company submits this memorandum of points and authorities in support of its motion to dismiss the First Amended Complaint (the "Complaint") by the Roman Catholic Bishop of Orange ("RCBO").

## I. Introduction

This case is an insurance coverage dispute between RCBO and two of its excess insurers, including Continental, over alleged coverage for sexual abuse claims asserted against RCBO. Recently, this Court resolved another, related insurance coverage

dispute involving RCBO and the same issues presented in this case, including the same policy language, in *Evanston Insurance Company v. The Roman Catholic Bishop of Orange*, Case No. 8:23-cv-02446-MRA (the "*Evanston* case"). There, the Court ruled that the relevant limits of liability language in the Evanston policies is unambiguous as a matter of law and provides for an aggregate limit of liability applicable to the abuse claims.

Here, Continental's policies sit immediately excess to, and incorporate the provisions of, policies issued by Continental's co-defendant Allianz Underwriters Insurance Company that contain identical limits of liability provisions to the policies in the recently-decided *Evanston* case. The policies issued by Continental, therefore, also provide for aggregate limits as a matter of law.

The Complaint asserts a single count against Continental, seeking a declaration that the Continental policies do not contain aggregate limits. Because this Court has already ruled that the same language ***does*** provide an applicable aggregate limit, as a matter of law RCBO cannot state a claim for the declaration it seeks with respect to the Continental policies. There are no other issues in this case. Accordingly, this Court should dismiss RCBO's Complaint against Continental for failure to state a claim upon which relief can be granted.

## II. Statement of facts

Except as noted, the following facts are alleged in the Complaint, and are taken as true for purposes of Continental's motion to dismiss.

In 2019, California enacted the California Child Victims Act, which revived the statute of limitations for certain victims of child sexual abuse in California.[1] Pursuant to the reviver, hundreds of plaintiffs filed lawsuits against RCBO alleging liability for sexual abuse by its priests and others. RCBO has sought insurance coverage from Continental in connection with certain of these lawsuits.[2]

---

[1] Complaint ¶ 2.

[2] *Id.*, ¶ 3.

Continental issued two high-layer excess policies to RCBO, Policy No. RDX 143-36-23 (6/18/1979-6/18/1980) and Policy No. RDX 178-76-10 (6/18/1980-6/18/1981) (together, the "Alleged Continental Policies"). The Alleged Continental Policies are excess of multiple layers of underlying insurance coverage in the same period. Primary coverage and first-layer excess coverage was issued by Aetna Casualty and Surety Company; Associated International Insurance Company issued policies excess to the Aetna coverage.[3] Allianz issued policies excess to the Associated coverage, and Continental issued coverage excess to the Allianz policies.[4]

The Associated policies provide that they are "subject to a limit of $ [4 million] in the aggregate for each annual period during the currency of this Policy, separately in respect of Products Liability and separately in respect of [Occupational Injury]."[5] As alleged in the Complaint, the Allianz policies contain the same language: they provide that they are "subject to a limit of $[5,0000,000] in the aggregate for each annual period during the currency of this Policy, separately in respect of Products Liability and separately in respect of Personal Injury . . . by Occupational Disease sustained by any employees."[6]

The Alleged Continental Policies "are follow form excess policies" and provide that the "provisions of the immediate underlying policy are incorporated as a part of this policy except for any obligation to investigate and defend and pay for costs and expenses incident to the same, the amount of the limits of liability, any 'other insurance' provision and any other provisions therein which are inconsistent with the provisions of this policy."[7]

---

[3] Evanston Insurance Company is the successor to Associated.

[4] *See* Complaint ¶¶ 47-48.

[5] *Evanston Ins. Co. v. Roman Cath. Bishop of Orange*, 2024 WL 5180078, at *2 (C.D. Cal. Dec. 17, 2024).

[6] Complaint ¶ 40.

[7] *Id.*, ¶ 46.

## III. Standard of review

A complaint must "state a claim to relief that is plausible on its face" or it is subject to dismissal under Rule 12(b)(6).[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] Although the court must accept as true the allegations pled in the complaint, the court is "not bound to accept as true a legal conclusion couched as a factual allegation."[10] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[11]

In ruling on a Rule 12(b)(6) motion, the court may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment.[12]

## IV. Argument

Under California law, "interpretation of an insurance policy is a question of law."[13] This Court recently interpreted an insurance policy issued to RCBO that contains the same language that is at issue here. The Court ruled as a matter of law in *Evanston* that the Associated policies contain aggregate limits that apply to the John OC-5 Doe Lawsuit specifically and the Southern California Clergy Cases generally.[14] The Alleged Continental Policies issued to RCBO in this case incorporate the relevant provisions in the Allianz policies, which in turn are identical to the Associated policy provisions. Because the Associated and Allianz policies contain applicable aggregate

---

[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (per curiam).

[10] *Id.* at 678.

[11] *Id.*

[12] *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003).

[13] *Waller v. Truck Ins. Exch., Inc.*, 11 Cal.4th 1, 18 (1995).

[14] *Evanston Ins. Co. v. Roman Cath. Bishop of Orange*, 2024 WL 5180078, at *4.

limits of liability, the Alleged Continental Policies also have applicable aggregate limits as a matter of law. RCBO is not entitled to the declaration it seeks that the Alleged Continental Policies do not contain aggregate limits, and its complaint should therefore be dismissed.

### A. Other cases have found the same policy language to be unambiguous.

"If the policy language is clear and explicit, it governs."[15] "A policy provision is ambiguous only if it is susceptible to two or more *reasonable* constructions despite the plain meaning of its terms within the context of the policy as a whole."[16] Further, "[w]here a policy term has been judicially construed, it is not ambiguous."[17]

The limits of liability provisions at issue were construed by this Court very recently and found to unambiguously provide for an applicable aggregate limit. The Court's ruling was based on the California Court of Appeal's interpretation in *Garamendi v. Mission Insurance Company* of an aggregate limit provision identical to that contained in the Associated policy and two courts' subsequent application of *Garamendi* to the policy language before them.[18]

As this Court noted in *Evanston*, where "there is relevant precedent from the state's intermediate appellate court, the federal court must follow the state's intermediate appellate court decision unless the federal court finds convincing evidence that the state's supreme court likely would not follow it."[19] Because the

---

[15] *Palmer v. Truck Ins. Exch.*, 21 Cal.4th 1109, 1115 (1999) (internal citations and quotations omitted).

[16] *Evanston Ins. Co. v. Roman Cath. Bishop of Orange*, 2024 WL 5180078, at *5 (emphasis added).

[17] *Id.*, citing *McMillin Homes Constr. Inc. v. Nat'l Fire & Marine Ins. Co.*, 35 Cal. App.5th 1042, 1052 (2019).

[18] *Garamendi v. Mission Ins. Co.*, 131 Cal. App.4th 30 (2005); *San Diego Unified Port District v. Landmark Ins. Co.*, 809 F. App'x 407 (9th Cir. 2020); *San Bernardino County v. Ins. Co. of Pa.*, 2023 WL 4291835 (C.D. Cal. May 16, 2023).

[19] *Evanston Ins. Co.*, 2024 WL 5180078, at *5, citing *Teleflex Med. Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 851 F.3d 976, 982 (9th Cir. 2017).

language at issue had been judicially construed by other courts, including the California Court of Appeal, the Court concluded that "as a rule of insurance policy interpretation, the aggregate limit provision at issue here is unambiguous as a matter of law."[20] There was no convincing evidence that the California Supreme Court would reach a different conclusion.[21] The same result is appropriate here.

**B. Accepting RCBO's allegations as true, its Complaint must be dismissed with prejudice.**

RCBO alleges that the same language this Court construed in *Evanston* applies to the Alleged Continental Policies. Specifically, RCBO avers that "each of the [Alleged] Continental Excess Policies provides that the 'provisions of the immediate underlying policy are incorporated as a part of this policy. . . .'"[22] The policies immediately underlying the Alleged Continental Policies, issued by Allianz, contain the same relevant language as the policies issued by Associated. [23] Therefore, accepting RCBO's allegations as true, the Alleged Continental Policies have applicable aggregate limits. RCBO therefore is not entitled to the relief sought in its Complaint and dismissal is appropriate.

There are no additional facts RCBO can plead or information it could obtain through discovery that would establish a viable claim because the at-issue language is unambiguous as a matter of law. Accordingly, dismissal with prejudice is appropriate because "further amendment would be futile."[24]

## V. Conclusion

The Alleged Continental Policies issued to RCBO in this case contain identical language to the Associated policies in *Evanston* and the policies in *Garamendi*. They are

---

20 *Evanston Ins. Co. v. Roman Cath. Bishop of Orange*, 2024 WL 5180078, at *7.

21 *Id.*

22 Complaint ¶ 46.

23 *Id.*

24 *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

therefore subject to the same applicable aggregate limit that this Court ruled applied in *Evanston*. As a result, RCBO is not entitled to the declaration it seeks as a matter of law. Accordingly, RCBO's Complaint seeking a declaration that there is no aggregate limit should be dismissed for failure to state a claim upon which relief can be granted.

/ / /

/ / /

Dated: February 11, 2025

Respectfully submitted,

PLEVIN & TURNER LLP

By: */s/ Mark D. Plevin*
Mark D. Plevin (State Bar No. 146278)
580 California Street, Suite 1200
San Francisco, California 94104
(202) 580-6640
mplevin@plevinturner.com

Miranda H. Turner (*pro hac vice* forthcoming)
1701 Pennsylvania Avenue, N.W., Suite 200
Washington, D.C. 20006
(202) 580-6640
mturner@plevinturner.com

*Attorneys for Defendant Continental Casualty Company*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Continental Casualty Company, certifies that this brief contains 1,650 words, which complies with the word limit of L.R. 11-6.1.

DATED: February 11, 2025

/s/ *Mark D. Plevin*
Mark D. Plevin

## CERTIFICATE OF SERVICE

I certify that on February 11, 2025, I caused the foregoing Defendant's Motion to Dismiss to be electronically filed with the Clerk of the Court using the CM/ECF system.

DATED: February 11, 2025

*/s/ Mark D. Plevin*
Mark D. Plevin